# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# LYNCHBURG DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| RICKEY GENE YOUNG | ) | |
|   Debtor. | ) | CASE NO. 16-60353 |

| | | |
|---|---|---|
| COMMONWEALTH OF VIRGINIA | ) | |
|   *ex rel.* VIRGINIA STATE BAR | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 17-06004 |
| | ) | |
| RICKEY GENE YOUNG | ) | |
|   Defendant. | ) | |

## MEMORANDUM OPINION

This matter came before the Court on the Motion for Summary Judgment filed by the Plaintiff, Commonwealth of Virginia *ex rel.* Virginia State Bar ("VSB"), against Rickey Gene Young *pro se* ("Debtor"), the Debtor's Answer and the Debtor's Amended Answer. The matter was initially scheduled for hearing on July 12, 2017, but was continued to August 23, 2017 with consent of the parties for the Court to provide the Debtor with a Notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). The Court conducted a hearing on these matters on August 23, 2017. Counsel for the VSB appeared at the hearing; however, the Debtor failed to appear, asserting on the morning of the hearing a lack of transportation. Counsel for the VSB presented his argument and the matter is ready for decision.

For the reasons stated herein, the Plaintiff's Motion for Summary Judgment will be granted.

FACTUAL BACKGROUND

The Debtor filed a Chapter 7 bankruptcy case in this Court on February 26, 2016. The Debtor listed the VSB as a priority creditor with a claim in the amount of $11,456.00 and did not mark any of the boxes that the claim is "contingent," "unliquidated," or "disputed."[1] On January 13, 2017, the VSB commenced this Adversary Proceeding by filing a Complaint objecting to the dischargeability of the debt owed by the Debtor. At issue is whether the Debtor's debts to the Virginia State Bar are excepted from discharge under 11 U.S.C. § 523(a)(7).

Prior to February 26, 2003, the Debtor was a licensed attorney in the Commonwealth of Virginia. *S. J. Motion, Ex. A.* On February 26, 2003, the VSB Disciplinary Board revoked the Debtor's license to practice law due to his violations of the ethical rules of conduct. The revocation was entered with the Debtor's consent. *Id.* Among the ethical and professional code violations listed in the agreed revocation order are violations pertaining to the Debtor failing to reimburse clients for funds paid and entrusted for attorney's fees not yet earned. As a consequence of the Debtor's actions, the VSB paid $15,733.33 out of the VSB Client Protection Fund (the "Fund") to his injured clients. *S. J. Motion, Ex. B.* The Debtor paid one client's claim in the amount of $2,400.00, leaving a balance due to the Fund of $13,333.33. The Debtor posted a bond in the amount of $5,000.00, which paid his costs of $3,065.52 and the balance of the bond in the amount of $1,934.48 was applied to the balance owed to the Fund, leaving a balance due of $11,398.85. *S. J. Motion, Ex. E, p.9.* In addition, after an audit, the VSB credited $426.29 to the Debtor's account. The Debtor failed to make any further payments to reimburse the Fund. The total due as of the date the Debtor filed his Chapter 7 Petition was $10,972.56. *S. J. Motion, Ex. G1.*

---

[1] Where appropriate, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact. *See* Fed. R. Bankr. P. 7052; 9014(c).

In 2008, the Debtor petitioned for reinstatement of his license, but the Supreme Court of Virginia denied his petition, in part, based on his failure to repay the Fund.[2] On October 24, 2011, the Debtor filed a second petition in the Supreme Court of Virginia seeking reinstatement of his law license.  The VSB Disciplinary Board recommended that the license be reinstated, but only after the Debtor paid the full balance of the debt owed to the Fund. *S.J. Ex. E*.   On February 28, 2014, the Supreme Court of Virginia approved the petition for reinstatement of the Debtor's license upon the satisfaction of several conditions, one of which was to repay the full debt owed to the Fund on or before September 1, 2015.  *S.J. Motion, Ex. F*.  The Debtor failed to make the payment, and as of the date of filing he owed the adjusted balance of $10,972.56 to the Fund. *S. J. Motion, Ex. G1*.  The Debtor lists this debt as an undisputed priority debt on Schedule E, and admitted in his answer and amended answer that he "agrees that he has more than an obligation to repay these funds."

## CONCLUSIONS OF LAW

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984 and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia.  This Court further concludes that this matter is a "core" bankruptcy proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I).

Federal Rule of Civil Procedure 56, incorporated into adversary proceedings by Federal Rule of Bankruptcy Procedure 7056, states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(a).* Under Rule 56, the movant bears

---

[2] The Debtor's petition was initially heard by the VSB Disciplinary Board, and the Virginia Supreme Court upheld the Disciplinary Board's recommendation by Order entered May 27, 2009.  *See S. J. Motion, Exs. C, D.*

3

the initial burden of showing that no material issues of fact exist. *Wachovia Bank, N.A. v. Commonwealth Sprinkler Co., Inc. (In re Commonwealth Sprinkler Co., Inc.),* 296 B.R. 694, 699 (Bankr. E.D. Va. 2001). Once the movant demonstrates that no genuine issues of material fact exist, the burden shifts to the party opposing summary judgment to establish that questions of fact do exist. See *Comerica Bank, N.A. v. Weinhardt (In re Weinhardt),* 156 B.R. 677, 679 (Bankr. M.D. Fla. 1993). Ultimately, the Court must then view the evidence presented in a light most favorable to the nonmoving party. See *Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 312 (4th Cir. 2013).

The VSB contends the debt owed to the Fund is excepted from discharge pursuant to 11 U.S.C. § 523(a)(7) because the debt is a "fine [or] penalty . . . payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss." 11 U.S.C. § 523(a)(7).

It is not in dispute that the VSB is a governmental agency of the Commonwealth of Virginia that serves, among other purposes, the investigation of wrongful conduct by member attorneys and the discipline of those attorneys. The Fund was established to provide a means of reimbursement for clients of attorneys harmed by an attorney's misconduct. See *Pt. 6, §IV, ¶16, Rules of the Supreme Court of Virginia.* Moreover, the Rules of the Virginia Supreme Court provide that a revoked attorney's license will not be considered for reinstatement unless, among other requirements, that attorney has "reimbursed the Bar's Clients' Protection Fund for any sums of money it may have paid as a result of the [attorney's] misconduct." *Id.* at ¶ 13-23(F)(5). There is no dispute that the Debtor owes a balance to the Fund in the amount of $10,972.56. The debt is a matter of public record as set forth in the Order of the Supreme Court of Virginia dated February 28, 2014.

The Supreme Court in *Kelly v. Robinson* held that a debt for criminal restitution is excepted from discharge under 11 U.S.C. § 523(a)(7).  *See Kelly v. Robinson*, 479 U.S. 36, 50 (1986); see also *Dulles Motorcars, Inc. v. Nowell* (*In re Nowell*), Case No. 16-50672, A.P. No. 16-05023, 2017 Bankr. LEXIS 1291 (Bankr. W.D. Va. May 11, 2017).  Attorney disciplinary proceedings have been compared to criminal proceedings and have been held to be "quasi-criminal in nature." *In the Matter of John Ruffalo, Jr.*, 390 U.S. 544, 551 (1968).[3]

Many courts have followed *Kelly* and held that the costs of attorney disciplinary proceedings are nondischargeable under 11 U.S.C. § 523(a)(7).  See *The Disciplinary Board of the Supreme Court of Penn. v. Feingold* (*In re Feingold*), 730 F.3d 1268 (11th Cir. 2013) ("The rationale of *Kelly* extends to cost assessments arising out of attorney disciplinary proceedings. First, although attorney disciplinary proceedings are not criminal in nature, the two types of proceedings share some common goals"); *Richmond v. New Hampshire Supreme Court Committee on Prof'l Conduct*, 542 F.3d 913, 919–20 (1st Cir. 2008); *Florida Bar v. Cillo (In re Cillo)*, 159 B.R. 340, 343 (Bankr. M.D. Fla. 1993); *Supreme Court of Ohio v. Bertsche (In re Bertsche)*, 261 B.R. 436 (Bankr. S.D. Ohio 2000); *Attorney Registration & Disciplinary Comm'n v. Lewis (In re Lewis)*, 151 B.R. 200, 203 (Bankr. C.D. Ill. 1992); but see *Love v. Scott (In re Love)*, 442 B.R. 868 (Bankr. M.D. Tenn. 2011) (finding that a debt for the costs associated with a disciplinary proceeding were not excepted from discharge).

In this case, at issue is whether the imposition of the requirement to pay the Fund is a penalty that is not compensation for actual pecuniary loss. The debt is measured by the loss suffered and expenses incurred by the Fund due to the violation of the Debtor in failing to

---

[3] While the Virginia Supreme Court has held that a proceeding to discipline an attorney is a civil proceeding, "[t]he primary purpose of such disciplinary proceedings is to protect the public, not punish the attorney." *Moseley v. Virginia State Bar, ex rel. Seventh Dist. Committee*, 280 Va. 1, 3 (2010).  See also, *Seventh Dist. Comm. of the Virginia State Bar v. Gunter*, 212 Va. 278, 284 (1971).

5

reimburse clients for funds that had been paid and entrusted for attorney's fees not yet earned. However, the amount of the debt owed to the Fund is clearly distinguishable from its purpose. The payment of the debt to the Fund in full is a mandatory condition that must be satisfied for the Debtor to reinstate his license. It is a protective measure designed to ensure that the Debtor complies with the requirements as necessary to show that he is fit to resume the practice of law, and thus it is a penalty designed to protect the public.

The VSB has cited no decisions by bankruptcy courts within the Fourth Circuit addressing the specific question of whether a debt owed to a client protection fund is excepted from discharge under 11 U.S.C. § 523(a)(7), and the Court has found none. However, other jurisdictions have addressed the matter and determined that "disciplinary proceedings, similar to criminal proceedings, serve to protect the public … [and] obligations to reimburse the Clients' Security Fund and pay for the publication costs of the suspension order are nondischargeable under § 523(a)(7)." *Bertsche*, 261 B.R. at 437. In *Bertsche*, the attorney's license had been suspended and he had been ordered to "reimburse any amounts awarded to former clients by the Clients' Security Fund" and pay for the costs of the disciplinary proceeding.

Similarly, in *In re Phillips*, the court compared the restitution obligations in *Kelly*, which were grounded in the state's interest in rehabilitation and punishment, as the "State Bar's requirement that an attorney with ethical violations reimburse his former clients for their losses is grounded in the state's interest in rehabilitation, punishment, and deterrence." *In re Phillips*, No. CV 09-2138 AHM, 2010 WL 4916633, at *5 (C.D. Cal. Dec. 1, 2010).

In order to determine whether the debt is compensation for actual pecuniary loss, courts have looked to the primary purpose of the debt. *Feingold*, 730 F.3d at 1275. The key element in this analysis is whether the VSB, through the Fund, aimed at penalizing the Debtor. As several

6

other courts have held in examining this element, "[e]ven where a debt is intended to help defray the expense of government, it may not be dischargeable if its primary purpose is penal." *U.S. Dept. of Housing & Urban Development v. Cost Control Marketing & Sales Management of Virginia, Inc.*, 64 F.3d 920, 928 & n.3 (4th Cir. 1995), cert. denied, 517 U.S. 1187, 116 S. Ct. 1673, 134 L. Ed. 2d 777 (1996) (noting that the "actual pecuniary loss phrase in § 523(a)(7) refers to the government's pecuniary loss"); *see Grievance Comm'n of Maryland v. Smith (In re Smith)*, 317 B.R. 302, 312 ("[T]he primary purpose for imposing costs is penal, and not compensatory, in that an attorney's rehabilitation is encouraged through the condition to reinstatement imposed by the judgment. The mere fact that a penal sanction is calculated by reference to actual costs does not, in and of itself, transform the penalty into compensation for pecuniary loss."). In *Kelly*, the nondischargeable restitution order was calculated by reference to the victim's actual loss, but this fact was not outcome-determinative. Rather, what matters is the protection of the public, which the Supreme Court of Virginia has articulated as its primary goal. See *Moseley*, 280 Va. at 3.

Even though there is a one to one relationship between the debt and victims' loss and expenses there is a long line of cases that finds this type of debt nondischargeable under 11 U.S.C. § 523(a)(7). In *Cost Control*, an order to disgorge profits resulting from unlawful interstate land sales was found to be a nondischargeable debt. The court concluded that the order to disgorge profits was penal rather than compensatory in character, even though the order measured its disgorgement remedy by the amount that persons purchasing land from the debtors had lost. In *U.S. v. Prodan*, 181 B.R. 279 (E.D. Va. 1995), the court held that a restitution obligation of $6,606, apparently imposed in that amount because that was the actual amount of checks which the debtor had written in furtherance of a conspiracy to defraud the federal

7

government, was dischargeable where the evidence showed that the trial court had considered not only the United States' actual pecuniary loss (which, from the conspiracy as a whole, was alleged to exceed $650,000), but also the debtor's financial resources, needs, and earning ability, and that restitution had been imposed as a key component of his punishment, not simply to reimburse the United States. In *In re Doerr*, 185 B.R. 533 (Bankr. W.D. Mich. 1995), the court held that $275 in costs assessed in an attorney disciplinary action in which the debtor's license to practice law was revoked were nondischargeable under 11 U.S.C. § 523(a)(7). The court held that this was the case even though the court rule under which the costs were assessed expressly provided that the state attorney discipline board was to itemize and direct the disciplined attorney to pay the expenses of hearing, review, and appeal incurred by the board and to make reimbursement a condition of a reinstatement order.

Here, consistent with its Rules on reinstatement, and consistent with its articulated policy of protecting the public, the Supreme Court of Virginia approved the Debtor's petition for reinstatement conditioned on repaying the full debt owed to the Fund. This action by the Supreme Court shows that the debt is not just to compensate the Fund for costs but also a consequence to the Debtor for violations of ethical rules of conduct while he was a licensed attorney. This reinstatement order and its reimbursement obligation serves society's broader rehabilitative and penal goals and cannot be viewed narrowly as merely representing compensation to the victims.

## CONCLUSION

There are no genuine disputes of material fact regarding the debt owed by the Debtor, Rickey Gene Young, to the VSB pursuant to the Virginia Supreme Court's reinstatement order.

The VSB is entitled to judgment as a matter of law under 11 U.S.C. § 532(a)(7), because it has shown that the debt to be excepted from discharge is: (1) a fine, penalty, or forfeiture; (2) owed to or for the benefit of a governmental unit; and (3) that is not compensation for actual pecuniary loss.

For the foregoing reasons, the Court will grant the VSB's Motion for Summary Judgment and declare the debt owed to the VSB nondischargeable under 11 U.S.C. § 523(a)(7). An Order to such effect shall be entered contemporaneously herewith.

Decided this 30th day of August, 2017.

_____
UNITED STATES BANKRUPTCY JUDGE

9